IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN THE NASHVILE DIVISION

AMY BURNETT,
an individual,

       Plaintiff,

v.      Case No.

RUTLEDGE FLATS, LLC,
a Tennessee limited liability company,

       Defendant.

## COMPLAINT

Comes now Plaintiff, Amy Burnett ("Plaintiff"), by and through counsel, and alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff brings this action against Defendant, RUTLEDGE FLATS, LLC, ("Defendant"), alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at the Rutledge Flats apartment complex (the "Property").

2. Plaintiff seeks monetary, declaratory and injunctive relief arising from violations of the accessibility requirements of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. § 3601-3619. This statute requires that certain apartment complexes built for first occupancy after March 13, 1991, be designed and constructed with accessible and usable features for people with disabilities.

3. Plaintiff, Amy Burnett, is a handicapped individual that uses a wheelchair.

Plaintiff brings this civil rights action against Defendant for failing to design and/or construct apartments with accessible and useable features for people with disabilities as required by the FHA. Defendant's apartment complex, Rutledge Flats, which is a multi-family dwelling, has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendant's apartment complex violates federal law and an injunction requiring Defendant to comply with the requirements of the FHA.

4. The Defendant's violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities and rendered units and/or facilities unavailable to people with disabilities. Enforcement of the FHA against Defendant is necessary because of the extensive nature of the civil rights violations at apartments designed, constructed and/or owned by Defendant.

## II.
## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a). Plaintiff asserts no state law claims.

6. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## III.
## PARTIES

8. Plaintiff, Amy Burnett, is and, at all times relevant hereto, was a resident of the State of Tennessee. Plaintiff is and, at all times relevant hereto, has been legally handicapped and is therefore a member of a protected class under the FHA.

9. Defendant, RUTLEDGE FLATS, LLC, is a Tennessee limited liability company and the owner of the real property and improvements for property municipally known as 622 3rd Ave. S., Nashville, TN 37210, and further identified by the Davidson County Tax Assessor as parcel identification number 9311014000. Upon information and belief, Defendant is an owner and participated in the design and construction of the Property.

## IV.
## STATUTORY BACKGROUND

### A. The FHA

10. Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances and by too narrow doorways as by a posted sign saying, "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to construct dwellings and public accommodations accessible to and useable by people with disabilities. HR. REP. NO. 100-711, at 25(1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

11. In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") be subject to certain design and construction requirements. Congress specifically rejected the approach of requiring only a specific number or percentage of units be fully accessible. Instead, Congress decided that all covered multifamily dwellings units must comply with the Act's design and construction requirements. All ground

floor units must comply with the following requirements, as must all units served by an elevator:

    a.    Public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;

    b.    Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

    c.    An accessible route into and through the dwelling;

    d.    Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

    e.    Reinforcements in bathroom walls that allow for the later installation of grab bars; and

    f.    Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

12. Congress viewed the accessibility requirements imposed by § 3604(f)(3)(C) as "modest." It did not intend to impose "unreasonable requirements" or a "standard of total accessibility," but rather saw the "basic features" required by § 3604(f)(3)(C) as amounting to "minimal standards" that would be "easy to incorporate in housing design and construction." Furthermore, according to the House Report, the § 3604(f)(3)(C) requirements could be met without making new multi-family housing "look unusual" and without "significant additional costs."

13. Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, see 24 C.F.R § 100.205 (2008), and published the final Fair Housing Act Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG"), which incorporates the requirements of the American National Standards Institute for buildings and facilities providing

accessibility and usability for physically handicapped people, A117-I-1986 (hereinafter "ANSI"), see 56 Fed. Reg. 9472 (Mar. 6, 1991), and the Fair Housing Act Design Manual in August 1996, which was revised in August 1998.

## V.
## FACTUAL BACKGROUND

**A.    The Property**

14.    Rutledge Flats is an apartment complex located at 622 3rd Avenue S, Nashville, TN 37210 (the "Property"). The Property consists of approximately 174 total units in one building. The apartment complex is served by elevators.

15.    The Property described above was designed and constructed for first occupancy after January 2023.

16.    The Property contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

17.    The covered multifamily dwellings at the Property are subject to the requirements of 42 U.S.C. § 3604 (f). These include all ground floor units and units served by elevators.

18.    Defendant's failure to design and construct the Property in compliance with Section 3604(f)(3)(C) occurred during the design and construction of the Property and continued until all units were leased.

**B.    Plaintiff's Investigation.**

19.    Plaintiff was researching apartments in the Nashville area. Plaintiff visited the Property and looked at one or more units. Plaintiff observed that there were accessibility barriers that would interfere with her ability to access and use the facilities.

20.    The existence of barriers and the lack of accessible features deterred Plaintiff from renting an apartment at the Property.

21.    As a result of Defendant's non-compliance with the FHA, Plaintiff, unlike persons

without disabilities, cannot independently use the features of the Property.

22. Defendant's apartments lack various mandatory elements required by the FHA, to make the apartments accessible and usable for people with disabilities.

23. As a handicapped individual and advocate for same, Plaintiff is concerned whether apartments are accessible and usable for people with disabilities.

24. Plaintiff has been injured by the Defendant's discriminatory practices and failure to design and/or construct apartments that are constructed with accessible and useable features for people with disabilities as required by the FHA. These injuries include experiencing discrimination and being deterred from renting at the Property. These blatant violations effectively communicate that people with disabilities are not welcome in the "Property."

25. Without injunctive relief, Plaintiff and others will continue to be unable to fully access and use the Property in violation of their rights under the FHA.

**C.  FHA Violations.**

26. The Defendant's violations of 42 U.S.C. § 3604(f)(3)(C) at the Property include, but are not limited to, those outlined below. These allegations represent just some of the evidence of the Defendant's failure to design and construct covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations. Plaintiff anticipates that an inspection of the Property will identify additional violations.

27. Defendant has failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with disabilities in compliance with 42 U.S.C. § 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008). For example:

    a. The common kitchen counters are 36" above the finished floor.

    b. The common kitchen counter does not provide 30" of clear width at the

base due to the toe kicks inside the cabinet doors.

    c.    The common counters located at the Zen Garden Lounge are 36" above the finished floor.

    d.    The inside corner of the mailboxes only provides 14" to the centerline and does not provide the proper clear floor space of 30"x48".

    e.    The entrance gate to the Zen Garden does not provide 18" of latch side clearance at the pull side.

    f.    The entrance intercom is not located so that the highest operable parts are lower than 48" above the ground.

28.    Further, by failing to provide the accessible and useable features required by 42 U.S.C. § 3604(f)(3)(C) at the Property for people with physical disabilities, including but not limited to those outlined above, Defendant has violated 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

## VI.
## CAUSE OF ACTION
### For violation of the FHA, 42 U.S.C. § 3601, et seq.

29.    The allegations in the preceding paragraphs are incorporated by reference.

30.    The Property contains residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

31.    At the Property, all ground-floor units and upper floor units served by elevators not in townhomes are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public- and common-use areas of the Property are also subject to the design and construction

requirements of 42 USC. § 3604(f)(3)(C).

32. Through the actions and inactions described above, the Defendant has:

    a. discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);

    b. discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2); and

    c. failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008).

33. Defendant's discriminatory conduct has damaged Plaintiff.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

    a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA;

    b. An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining Defendant, its officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

        1. with regard to the Property, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C), the Americans with

Disabilities Act ("ADA") and the applicable regulations; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them; failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

2. failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendant's unlawful housing practices.

c. An injunction enjoining Defendant from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Defendant and any retrofits ordered by the Court to be made at such property, to also comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendant;

d. Award such damages as would fully compensate Plaintiff for her injuries incurred as a result of the Defendant's discriminatory housing practices and conduct, pursuant to 42 U.S.C. § 3613(c)(1)(a);

e. Award such punitive damages against Defendant as is proper under law, pursuant to 42 U.S.C. § 3613(c)(1)(a);

f. Payment of costs of suit;

g. Payment of reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 3613(c)(2), and other principles of law and equity; and

      h.      The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: August 7, 2024.

Respectfully Submitted,

*/s/Rebecca J. Hutto*
REBECCA J. HUTTO #39252
Attorney for Plaintiff
Wampler, Carroll, Wilson, & Sanderson PLLC
208 Adams Avenue
Memphis, Tennessee 38103
(901) 523-1844 – phone
(901) 523-1857 – fax
rebecca@wcwslaw.com

**DEFENDANT TO BE SERVED:**

RUTLEDGE FLATS, LLC
c/o ROBERT C.H. MATHEWS III
615 3RD AVE. S., STE. 500
NASHVILLE, TN 37210