IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AMY BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-00962 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| RUTLEDGE FLATS, LLC, ET AL., | ) | MAGISTRATE JUDGE |
| | ) | FRENSLEY |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court are motions to dismiss filed by Defendants Rutledge Flats, LLC, The Mathews Company, LLC, R.C. Mathews Contractor, LLC, Dewey Engineering, LLC, Carter-Haston Real Estate Services, Inc. (Doc. No. 44) and Defendant Hastings Architecture, LLC ("Hastings" and collectively with the other Defendants, the "Defendants") (Doc. No. 46). Plaintiff filed responses in opposition (Doc. Nos. 55, 56), and Defendants filed a reply (Doc. Nos. 57, 58). Plaintiff also filed a motion for leave to file a response to Defendants' reply (Doc. No. 59).

For the reasons discussed below, Defendants' motions (Doc. Nos. 44, 46) are **DENIED**. Plaintiff's motion for leave to respond to Defendants' reply (Doc. No. 59) is also **DENIED**.

### I.     FACTUAL BACKGROUND

Plaintiff alleges that Defendants are "the developers, contractors, builders, architects, civil engineers, and/or owners of dwelling units and apartment complex, Rutledge Flats, a 174 unit housing community located at 622 3rd Ave. S., Nashville, TN 37210" (the "Property") and that Defendants failed to construct the Property in compliance with the accessibility and usability requirements in the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619. (Doc. No. 42 ¶¶ 1-2). Plaintiff is "a handicapped individual that uses a wheelchair" looking for an apartment in the

Nashville area and looked at one or more units at the Property. (*Id.* ¶¶ 33, 43). Plaintiff intends to return to the Property and other nearby rental properties to pursue an apartment rental. (*Id.* ¶ 43).

Plaintiff alleges that Defendants violated the FHA by failing to design and/or construct the Property in compliance with the FHA's accessibility and usability requirements and that Defendants' conduct has "serious and significant consequences for people with disabilities." (*Id.* ¶¶ 2, 46). Plaintiff identifies numerous alleged FHA violations regarding barriers and lack of accessible features at the Property. (*Id.*). Plaintiff alleges that she has been injured by Defendants' "failure to design and/or construct apartments that are constructed with accessible and useable features for people with disabilities as required by the FHA" including by "experiencing discrimination and being deterred from renting at the Property" and that Defendants' violations "effectively communicate that people with disabilities are not welcome in the 'Property.'" (*Id.* ¶ 42). Plaintiff seeks monetary, declaratory, and injunctive relief.

Defendants moved to dismiss Plaintiff's Second Amended Complaint under Fed. R. Civ. 12(b)(1) for lack of Article III standing. Defendant Hastings also moved for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

## II.     STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."

---

[1] While the other Defendants' motion recites the standard of law for a Rule 12(b)(6) motion (Doc. No. 45 at 3), the motion is premised on Defendants' standing argument and does not articulate any substantive Rule 12(b)(6) argument. Accordingly, the Court's Rule 12(b)(6) analysis addresses only Defendant Hastings' motion to dismiss (Doc. No. 47).

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018).

A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 759 (6th Cir. 2014) (internal citation omitted). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816-17 (6th Cir. 2017) (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)).

A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject matter does or does not exist.'" *Id.* at 817 (quoting *Gentek*, 491 F.3d at 330). When analyzing a factual attack as to standing, the court may undertake "a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Gentek*, 491 F.3d at 330. District courts reviewing factual attacks have "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990).

**B. Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must

3

take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

### A. Standing

Defendants argue that Plaintiff lacks Article III standing to bring suit against them. Specifically, Defendants contend that Plaintiff fails to allege any injury in fact or that any injury was caused by Defendants' alleged FHA violations. Defendant also contends that Plaintiff is a "tester," a term the Supreme Court has used in reference to "individuals who, without an intent to rent or purchase a home or apartment, pose as renters or purchasers for the purpose of collecting evidence of unlawful steering practices." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 1121, 71 L. Ed. 2d 214 (1982). Defendants allege that Plaintiff's allegations are "nothing more than the contention that she is a disabled individual who opposes discrimination in the form of allegedly inaccessible new multifamily residential properties" and that Plaintiff's allegations that she was looking at apartments for a potential future move and was deterred due to

Defendant's purported FHA violations constitute "a possible future injury [which] are insufficient to establish standing." (Doc. No. 45 at 9-10).

"As an unwaivable jurisdictional requirement, Article III standing can be challenged at any point during litigation. In reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on lack of standing, a court accepts all allegations as true and draws any inferences in the light most favorable to the plaintiff." *Chapuis v. Forest Hill Grp. LLC*, No. 2:24-CV-2525-SHL-TMP, 2025 WL 2382068, at *1 (W.D. Tenn. Aug. 15, 2025) (citation modified).

"Standing to sue under the FHA is as broad as is permitted by Article III of the Constitution. Under the Fair Housing Act, a plaintiff thus need show only that he or she (1) has suffered an injury in fact (2) that is causally connected to the defendant['s] conduct and (3) that is likely to be redressed by a favorable ruling. The injury-in-fact must be concrete and particularized. However, an FHA injury need not be pled with particularity." *Id.* (citation modified). Moreover, "[u]nder the FHA, an aggrieved person who believes ... [they] will be injured by a discriminatory housing practice that is about to occur has standing to sue" and "[t]hus, an FHA claim can be brought by people beyond persons who are directly and immediately subjected to discrimination." *Id.* at *2.

In support of their argument that Plaintiff lacks standing, Defendants cite to the Supreme Court's decision in *Food & Drug Admin. v. Alliance for Hippocratic Med.*, 602 U.S. 367, 395 (2024). In *Alliance*, physicians and medical associations brought suit challenging a Food and Drug Administration's relaxed regulation of an abortion-inducing drug. The Supreme Court held that plaintiffs failed to establish an injury-in-fact because they did not prescribe or use the drug at issue and were simply "unregulated parties who seek to challenge FDA's regulation *of others*." *Id.* at 385 (emphasis in original). The Supreme Court held that the plaintiffs did not suffer any direct

5

monetary, property, or physical injuries from the FDA's challenged conduct and ultimately held that plaintiffs lacked standing because they failed to show that the challenged conduct caused them to suffer any "conscience injury." *Id.* at 390.

Notably, the Western District of Tennessee recently considered and rejected a challenge to an individual plaintiff's standing in a factually similar case, *Chapuis v. Forest Hill Grp. LLC*, No. 2:24-CV-2525-SHL-TMP, 2025 WL 2382068 (W.D. Tenn. Aug. 15, 2025). The Court in *Chapuis* recognized that *Alliance* was distinguishable because "[i]n *Alliance*, the plaintiff was an organization of anti-abortion doctors and associations who sued the FDA when the agency relaxed its regulatory requirements for mifepristone, a medication used to end pregnancy" and that while "[t]he Court found that the plaintiff did not have standing because an organizational plaintiff must show far more than simply a setback to the organization's abstract social interests… the *Alliance* opinion does not indicate that its holding extends to individual plaintiffs" and "[b]ecause Plaintiff is an individual – not an organizational plaintiff with abstract social interests – the *Alliance* analysis is inapplicable." *Chapuis*, 2025 WL 2382068, at *3.

The Court finds such reasoning applicable in the present case and that as Plaintiff is an individual, not an organization, the Supreme Court's reasoning in *Alliance* does not preclude Plaintiff's injury-in-fact showing.

Here, Plaintiff alleges that she is entitled to bring suit as an "aggrieved person" under the FHA. (Doc. No. 42 ¶ 52). The Second Amended Complaint identifies numerous alleged FHA violations, which Plaintiff alleges injured her by causing her to experience discrimination and deterring her from renting an apartment at the Property. (Doc. No. 42 ¶¶ 34, 38, 42). Further, Plaintiff alleges that Defendants' alleged FHA violations caused Plaintiff's injuries. (Doc. No. 42

¶ 55). Accordingly, construing the facts in Plaintiff's favor, the Court finds that Plaintiff has sufficiently demonstrated that she suffered from an injury-in-fact caused by Defendants' conduct.

**B. Defendant Hastings' 12(b)(6) Argument**

Defendant Hastings also argues that Plaintiff fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Specifically, Hastings contends that Plaintiff fails to allege facts demonstrating how Hastings violated the FHA and fails to allege particularized facts as to each Defendant. Hastings argues that Plaintiff instead "lumps all the defendants together and fails to identify any specific act taken by any one of the named defendants." (Doc. No. 47 at 5).

Plaintiff alleges that Hastings was the architect for the Property. (Doc. No. 42 ¶ 16). Plaintiff also alleges that Defendants, including Hastings, failed to construct the Property in compliance with the FHA and "failed to design and/or construct public and common-use areas that are readily accessible to and usable by people with disabilities" and identifies various alleged FHA violations. (Doc. No. 42 ¶¶ 2, 46). Plaintiff further alleges that the units at the Property are "covered multifamily dwellings" within the meaning of the FHA, were built for first occupancy after March 13, 1991, and that the Property is subject to the FHA's design and construction requirements. (*Id.* ¶ 53).

Plaintiff also alleges that Defendants, including Hastings, "discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities," "discriminated against persons because of their disabilities in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling," "failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008)," and that such conduct injured Plaintiff. (*Id.* ¶ 54).

7

Drawing all allegations in Plaintiff's favor, as it must at this stage, the Court finds that the Complaint plausibly alleges that Hastings violated the FHA in the design and/or construction of the Property.

**C. Plaintiff's Motion for Leave to Respond to Defendants' Reply**

Plaintiff also moved for leave to respond to Defendants' Reply. (Doc. No. 59). Plaintiff contends that Defendants "raised certain facts" in the Reply "that require a response from Plaintiff's counsel." (Doc. No. 59). However, Plaintiff fails to describe such facts or identify any new arguments raised by Defendants in their Reply necessitating a sur-reply. Moreover, the Court's analysis does not rest on arguments made by Defendants in their Reply. Accordingly, Plaintiff's motion is denied.

## IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (Doc. Nos. 44, 46) are **DENIED**. Plaintiff's motion for leave to respond to Defendants' reply (Doc. No. 59) is also **DENIED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE